IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN HENSON and
MIKE WHITE Individually and on
Behalf of others similarly situated,
        Plaintiff(s),

  vs.                                     CIVIL NO.03-1229 WDS/RHS

TOWN OF BERNALILLO, NEW MEXICO
and STAN HOLDEN, its EMS Director,

       Defendant(s).

**MEMORANDUM OPINION AND ORDER**

     This matter comes before the Court on Defendants' Motion for Summary Judgment (Doc. No. 20). This case requires an interpretation of the Fair Labor Standards Act (FLSA), specifically whether certain exemptions to the act, found in 29 U.S.C. § 207(k), can be applied against the Plaintiffs by the Defendants. Plaintiffs are ambulance and rescue personnel employed by the Defendant Town of Bernalillo in its EMS Division. The question before the Court is whether these Plaintiffs are subject to the usual 40 hour work week requirements or whether they are exempt from those requirements under the above statute and, more specifically, the Department of Labor regulations interpreting that statute. The regulations which are at issue are 29 CFR 555.210, 553.212, and 553.215.

     In the Court's opinion 29 CFR 553.215 is applicable to this case. The Plaintiffs are clearly ambulance and rescue service employees of a public agency other than a fire protection or law enforcement agency. As such, they are not covered by 29 CFR 553.210 which requires

employment by a fire department.  It is also the Court's opinion that the 1999 amendment to the FLSA,  found at 29 U.S.C. § 203(y), relied upon by Plaintiffs, does not apply to §553.215 employees as the statute clearly applies only to employees of fire departments.  That being said, the determination which must be made is whether Plaintiffs fall under §553.215.  In order to be considered exempt employees the Plaintiffs must meet a two part test found in the regulation.  First, the personnel must be trained in the rescue of fire, crime, and accident victims, and secondly, they must be regularly dispatched to fires, crime scenes, riots, natural disasters and accidents.

In the Court's opinion Defendants have met the burden of proving the first prong, as these employees are clearly trained in the rescue of fire, crime, and accident victims.  The second prong of the test,  are they  "regularly dispatched", requires a case by case analysis.  This analysis proceeds, however, without benefit of any bright line rules.  Defendants present statistical evidence gleaned by one of their paralegals who audited the time sheets and call records of the EMS personnel in order to prove that the employees were "regularly dispatched."  Plaintiff objects to this evidence on several grounds.  Suffice it to say that the Court does not find the affidavit in its present form to constitute sufficient admissible evidence to allow the Court to rely upon it to determine this pivotal issue.  There are numerous problems with the affidavit to include that fact that none of the records upon which it is based are authenticated by one who can do so.  Accordingly, Defendants' motion will be denied.

As an aside, the parties have discussed the more specific 80-20 rule found in 29 CFR 553.212 as it applies to the "regularly dispatched" issue.  In the Court's opinion, that section, by its own terms, applies to Sections 553.210 and 553.211, and, therefore, does not apply to Section 553.215.  The nature of the evidence necessary to establish that EMS personnel are "regularly

dispatched" under Section 553.215 is well discussed in <u>Roy v. County of Lexington</u>, 141 F.3d 533 (4th Cir. 1998).

      IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 20) is denied.

 

                                        **W. DANIEL SCHNEIDER**
                                        **United States Magistrate Judge**